# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY EUGENE CLARK, pro se

     VS.

MERRICK GARLAND
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001;

JOHN GLOVER ROBERTS, JR.,
SUPREME COURT OF THE UNITED STATES
1 FIRST STREET, NE
WASHINGTON, DC 20543;

JOSEPH ROBINETTE BIDEN, JR
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

KAMALA DEVI HARRIS
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

NANCY PATRICIA PELOSI
U.S. HOUSE OF REPRESENTATIVES
WASHINGTON, DC 20515

MICHAEL RICHARD PENCE, former VP
& President of Senate, formerly at
Vice President's Office
1600 Pennsylvania Avenue
Washington, DC 20500, forward to
Office of the Former VP
Arlington, VA

Redacted copy for docketing

CIVIL ACTION NO. 1:21-cv-02968
Honorable Judge Carl J. Nichols



RECEIVED
Mail Room

MAR 2 8 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE BY APRIL 2, 2022 GIVEN IN MINUTE ORDER OF 03/02/2022, MOTION TO ORDER CLERK TO CORRECT CLERK ERROR ON THE DOCKET AND TO RECORD ON THE DOCKET ALL FILINGS SUBMITTED BY PLAINTIFF/ DEMANDANT/RELATOR APPLICANT IN THIS MATTER AND MOTION TO SANCTION CLERKS AS THIS COURT DEEMS FIT**

Comes now Plaintiff/Demandant, who is also an applicant for Relator in this matter, though this has been hampered by Clerk error as explained below, with answer to this Court's Minute Order of 03/02/2022.

This Court states in its first sentence of the minute order that no summons(es) in this case has (have) issued, but three sets of summonses have been served upon all Defendants/Respondents in this matter, copies of which have all been filed with the Clerk of this Court, along with a signed Certificate of Service of Complaint and Summons the first time, and signed Certificate of Service of modified Summonses the second and third times, all of which were verified with Plaintiff/Demandant's signature and on which were listed all Respondents upon which these were served, along with their addresses, as well as listed the AGs served and their addresses, each time, but the Clerk failed to either docket these submissions by Plaintiff/Demandant, or to stamp and sign them and notify Plaintiff to pick them up if they preferred a stamped copy with Clerk signature be served. Clerk did write an entry that "no summonses have been issued in this matter," but Plaintiff construed this was because Plaintiff had already performed his right of having them modified and served with a Complaint, and that entry was the Clerk noting *the Clerk of Court* had not issued the summons [because the Plaintiff had issued them.] Clerk also "lost" the check submitted the same day as original filing to pay for filing fees in this matter, resulting in a month delay in docketing and much time, money and effort in re-serving updated summonses (which were again filed with the Clerk but not either docketed as served or stamped and signed then

Plaintiff/Demandant notified they were ready for pickup to serve (re-serve) if that is what they preferred. Clerk errantly recorded a motion to redact personally identifiable information and to seal unredacted copies of filings as a "motion to seal the case" as shown here:

| 11/18/2021 | 2 | MOTION to Seal Case by LARRY EUGENE CLARK. (zeg) (Entered: 11/19/2021) |
|---|---|---|

The Clerk of Court has failed to docket several other filings in this matter, two of them being motions of which are pertinent to explaining the error of this minute order, as the first was a motion to hold the Writ of Quo Warranto at abeyance in this matter,[1] and which also moved this Court to name Plaintiff/Demandant as Relator in this matter so that he could then issue forth the Writ.  The timeclock therefore was paused, but this Court's ability to see this, and to rule on that motion as well as another one Plaintiff/Demandant submitted after it has been hampered by the Clerk's repeated failures to perform job and docket all filings.

Because of the above repetitive Clerk losses of filed items and failures to docket filed items and the resultant hampering of justice it has caused in this matter by not allowing this Court to rule on the motion(s) which have not been docketed, Plaintiff/Demandant submits that Clerk errors have caused this errant minute order to be entered, as Plaintiff/Demandant could not have missed a 90 day deadline for submission of proof of process because he had filed a motion to hold the

---

[1] Plaintiff/Demandant is attaching a list of all submissions to this Court, with date submitted and what was submitted on each date (see Attachment I)

Writ of Quo Warranto in abeyance[2] and was waiting for a ruling from this Court to be approved as Relator in this matter in order to [start the clock again by sending new, updated summonses] and issue forth the Writ of Quo Warranto. Clerk never docketed this filed motion, nor many other submissions, including one more motion filed after it when no ruling had been given in the prior motion, in which the Court was not only moved a second time to name Plaintiff/Demandant as relator [so he could issue forth the Writ], but was also moved to order the Clerk to do something they hadn't done three times before- to set a date for the hearing if any Respondent had contacted the Court for a date of hearing, as Respondents all had been served Summonses three times in this matter.

Plaintiff sought legal advice about the above, and it was mentioned that perhaps the above was because the Codes for Writ of Quo Warranto might first require a motion to the Court to be approved as Relator, so accordingly, the above mentioned motion(s) to hold the Writ of Quo Warranto in abeyance (which stopped any time-clock) and for this Court to approve Plaintiff/Demandant as Relator were made, but Clerk failed to docket these filings as well as many other filings in this matter.

Because Plaintiff/Demandant has filed motion on 11/18/2021 that this Writ be held in abeyance while the Court makes a ruling, Plaintiff/Demandant asserts, as above, the timeclock is paused, and he has therefore not failed to timely file any further proof of service the Court may require. Plaintiff/Demandant has asked this

---

[2] See Attachment I for submissions on the date of 11/18/2021

Court to hold the Writ of Quo Warranto in abeyance and for the Court to grant Plaintiff/Demandant status as Relator in this Writ of Quo Warranto, but Clerk's repeated failures to docket this and many other items have impaired this Court's ability to administer justice and have resulted in this errant minute order.

Plaintiff therefore humbly submits that these Clerk errors mentioned above are the reason this matter should not be dismissed. Though the Clerk failed to docket it, because Plaintiff/Demandant made motion for the timeclock to stop, there is no 90 day timeclock, and additionally, there has been no failure to serve a complaint accompanied by a summons in this matter. Defendant/Respondents have been served three times by Plaintiff/Demandant because of Clerk error, and Clerks have failed to docket the submissions of those as well as failed to docket the more recently submitted redline summaries of changes to the 2nd and 3rd filings of the summonses and failed to docket submitted copies of the signed proof of service cards[3] which were filed regarding past service even though the timeclock is paused and there will be re-service of updated Summonses required once approval as Relator is made.  Plaintiff, in effort to fully comply with the DC Codes of Quo Warranto, made a motion to hold the Writ of Quo Warranto in abeyance as mentioned above and motioned to be approved as Relator, and he therefore "stopped the timeclock," and Plaintiff/Demandant has since then been waiting for order of

---

[3] Once docketed, the Court will see that Plaintiff/Demandant mentioned in that filing he was not with his records and still had a few more signed proof-of-service cards to submit- but in thinking this through, it may be a bit of a "moot' point at this time, as new proofs of services will have to be submitted once this Court has opportunity to rule on motion to approve him as Relator, when re-service of updated Summonses will be made. Plaintiff/Demandant will be glad to provide them, though, if this Court would prefer.

the Court to approve him as Relator so he may proceed to issue forth the Writ of

Quo Warranto- at which time, again, he would have to re-serve another new set of

summonses with updated dates.[4]  Plaintiff/Demandant therefore asserts that Clerk

error has hidden from the Court that there is no timeclock, and that

Plaintiff/Demandant has not missed a 90 day deadline, but that there are instead

many filings and motions missing from the docket in this matter that the Clerk of

Court needs to be ordered to immediately docket for viewing and ruling upon by this

Court. As such, motion is therefore now made for this Court to order the Clerk to

immediately enter upon the Docket all motions filed and all other filings made by

Plaintiff/Demandant in this matter which have not been docketed, which

Plaintiff/Demandant has listed in Attachment I, so this Court may rule on them,

and motion is made for this Court to order the Clerk to correct the above mentioned

errant #2 entry.

Though there may be some confusion with the Clerk as to the long-unused

right of We the People to alter and serve a summons along with a complaint of Writ

of Quo Warranto, wherein a member of we the people utilizes our Constitutional

right to redress a grievance, there should be no confusion on the part of the Clerk as

to the Clerk's duty to docket *all* filings and motions in this or any matter. Plaintiff/

Demandant (Relator Applicant) accordingly asks this Court to Sanction the Clerk(s)

as this Court sees fit, for their failures to docket many filings in this matter, as

---

[4] Plaintiff/Demandant is today submitting another set of Summonses and Subpoenas for the Clerk of Court to have at ready to fill in date of hearing, stamp and sign and notify Plaintiff to come pick up when this Court approves Plaintiff as Relator

these failures to do their job of docketing filings in this matter have been repetitive and have resulted in not only hampering justice in this matter, but also resulted in the added expense of much extra time and effort in a mistaken minute order hearing and order issued, the inability of the Court to rule on motions not docketed, and the resultant monetary expenses for both the Court and the Plaintiff/Demandant/ Relator Applicant by mistakes resulting from these failures of Clerk to docket. As mentioned in the previous undocketed Motions, Plaintiff/Demandant has met all requirements to be approved as Relator in this matter according to DC Codes and this Court would have no reason not to name Plaintiff/Demandant as Relator other than the Clerk's repeated failures to docket both the motions regarding that issue.  Motion is also therefore now made for the Court to order Clerk to immediately sign and stamp the re-submitted summonses and to sign the re-submitted subpoenas and immediately contact Relator Applicant to pick them up once this Court has opportunity to see the previously un-docketed motions and approve Plaintiff/Demandant as Relator, so that Respondents may be re-served Summonses.

Motion for all these things above is accordingly now made of this Court.

Larry Eugene Clark, pro se

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing
was served via USPS mail, return signature required upon all Respondents named in Writ of Quo
Warranto:

MERRICK GARLAND
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001;

JOHN GLOVER ROBERTS, JR.,
SUPREME COURT OF THE UNITED STATES
1 FIRST STREET, NE
WASHINGTON, DC 20543

JOSEPH ROBINETTE BIDEN, JR
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

KAMALA DEVI HARRIS
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

NANCY PATRICIA PELOSI
U.S. HOUSE OF REPRESENTATIVES
WASHINGTON, DC 20515

MICHAEL RICHARD PENCE, former VP
& President of Senate, formerly at
Vice President's Office
1600 Pennsylvania Avenue
Washington, DC 20500, forward to
Office of the Former VP
Arlington, VA

and additionally, notification was sent to Acting AG for District of Columbia, Channing D. Phillips, 501 3rd Street,
NW, Washington, DC 20001.

on the 25th day of March, 2022

_Larry E Clark_

_____
Larry Eugene Clark

Larry Eugene Clark, pro se

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY EUGENE CLARK, pro se

       VS.

MERRICK GARLAND
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001;

JOHN GLOVER ROBERTS, JR.,
SUPREME COURT OF THE UNITED STATES
1 FIRST STREET, NE
WASHINGTON, DC 20543;

JOSEPH ROBINETTE BIDEN, JR
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

KAMALA DEVI HARRIS
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

NANCY PATRICIA PELOSI
U.S. HOUSE OF REPRESENTATIVES
WASHINGTON, DC 20515

MICHAEL RICHARD PENCE, former VP
& President of Senate, formerly at
Vice President's Office
1600 Pennsylvania Avenue
Washington, DC 20500, forward to
Office of the Former VP
Arlington, VA

Redacted copy for docketing

CIVIL ACTION NO. 1:21-cv-02968
Honorable Judge Carl J. Nichols

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE BY APRIL 2, 2022 GIVEN IN MINUTE ORDER OF 03/02/2022, MOTION TO ORDER CLERK TO CORRECT CLERK ERROR ON THE DOCKET AND TO RECORD ON THE DOCKET ALL FILINGS SUBMITTED BY PLAINTIFF/ DEMANDANT/RELATOR APPLICANT IN THIS MATTER AND MOTION TO SANCTION CLERKS AS THIS COURT DEEMS FIT**

Comes now Plaintiff/Demandant, who is also an applicant for Relator in this matter, though this has been hampered by Clerk error as explained below, with answer to this Court's Minute Order of 03/02/2022.

This Court states in its first sentence of the minute order that no summons(es) in this case has (have) issued, but three sets of summonses have been served upon all Defendants/Respondents in this matter, copies of which have all been filed with the Clerk of this Court, along with a signed Certificate of Service of Complaint and Summons the first time, and signed Certificate of Service of modified Summonses the second and third times, all of which were verified with Plaintiff/Demandant's signature and on which were listed all Respondents upon which these were served, along with their addresses, as well as listed the AGs served and their addresses, each time, but the Clerk failed to either docket these submissions by Plaintiff/Demandant, or to stamp and sign them and notify Plaintiff to pick them up if they preferred a stamped copy with Clerk signature be served. Clerk did write an entry that "no summonses have been issued in this matter," but Plaintiff construed this was because Plaintiff had already performed his right of having them modified and served with a Complaint, and that entry was the Clerk noting *the Clerk of Court* had not issued the summons [because the Plaintiff had issued them.] Clerk also "lost" the check submitted the same day as original filing to pay for filing fees in this matter, resulting in a month delay in docketing and much time, money and effort in re-serving updated summonses (which were again filed with the Clerk but not either docketed as served or stamped and signed then

Plaintiff/Demandant notified they were ready for pickup to serve (re-serve) if that is

what they preferred. Clerk errantly recorded a motion to redact personally

identifiable information and to seal unredacted copies of filings as a "motion to seal

the case" as shown here:

| 11/18/2021 | 2 | MOTION to Seal Case by LARRY EUGENE CLARK. (zeg) (Entered: 11/19/2021) |
|---|---|---|

The Clerk of Court has failed to docket several other filings in this matter, two

of them being motions of which are pertinent to explaining the error of this minute

order, as the first was a motion to hold the Writ of Quo Warranto at abeyance in

this matter,[1] and which also moved this Court to name Plaintiff/Demandant as

Relator in this matter so that he could then issue forth the Writ.  The timeclock

therefore was paused, but this Court's ability to see this, and to rule on that motion

as well as another one Plaintiff/Demandant submitted after it has been hampered

by the Clerk's repeated failures to perform job and docket all filings.

Because of the above repetitive Clerk losses of filed items and failures to

docket filed items and the resultant hampering of justice it has caused in this

matter by not allowing this Court to rule on the motion(s) which have not been

docketed, Plaintiff/Demandant submits that Clerk errors have caused this errant

minute order to be entered, as Plaintiff/Demandant could not have missed a 90 day

deadline for submission of proof of process because he had filed a motion to hold the

---

[1] Plaintiff/Demandant is attaching a list of all submissions to this Court, with date submitted and what was submitted on each date (see Attachment I)

Writ of Quo Warranto in abeyance[2] and was waiting for a ruling from this Court to be approved as Relator in this matter in order to [start the clock again by sending new, updated summonses] and issue forth the Writ of Quo Warranto. Clerk never docketed this filed motion, nor many other submissions, including one more motion filed after it when no ruling had been given in the prior motion, in which the Court was not only moved a second time to name Plaintiff/Demandant as relator [so he could issue forth the Writ], but was also moved to order the Clerk to do something they hadn't done three times before- to set a date for the hearing if any Respondent had contacted the Court for a date of hearing, as Respondents all had been served Summonses three times in this matter.

Plaintiff sought legal advice about the above, and it was mentioned that perhaps the above was because the Codes for Writ of Quo Warranto might first require a motion to the Court to be approved as Relator, so accordingly, the above mentioned motion(s) to hold the Writ of Quo Warranto in abeyance (which stopped any time-clock) and for this Court to approve Plaintiff/Demandant as Relator were made, but Clerk failed to docket these filings as well as many other filings in this matter.

Because Plaintiff/Demandant has filed motion on 11/18/2021 that this Writ be held in abeyance while the Court makes a ruling, Plaintiff/Demandant asserts, as above, the timeclock is paused, and he has therefore not failed to timely file any further proof of service the Court may require. Plaintiff/Demandant has asked this

---

[2] See Attachment I for submissions on the date of 11/18/2021

Court to hold the Writ of Quo Warranto in abeyance and for the Court to grant Plaintiff/Demandant status as Relator in this Writ of Quo Warranto, but Clerk's repeated failures to docket this and many other items have impaired this Court's ability to administer justice and have resulted in this errant minute order.

Plaintiff therefore humbly submits that these Clerk errors mentioned above are the reason this matter should not be dismissed. Though the Clerk failed to docket it, because Plaintiff/Demandant made motion for the timeclock to stop, there is no 90 day timeclock, and additionally, there has been no failure to serve a complaint accompanied by a summons in this matter. Defendant/Respondents have been served three times by Plaintiff/Demandant because of Clerk error, and Clerks have failed to docket the submissions of those as well as failed to docket the more recently submitted redline summaries of changes to the 2nd and 3rd filings of the summonses and failed to docket submitted copies of the signed proof of service cards[3] which were filed regarding past service even though the timeclock is paused and there will be re-service of updated Summonses required once approval as Relator is made.  Plaintiff, in effort to fully comply with the DC Codes of Quo Warranto, made a motion to hold the Writ of Quo Warranto in abeyance as mentioned above and motioned to be approved as Relator, and he therefore "stopped the timeclock," and Plaintiff/Demandant has since then been waiting for order of

---

[3] Once docketed, the Court will see that Plaintiff/Demandant mentioned in that filing he was not with his records and still had a few more signed proof-of-service cards to submit- but in thinking this through, it may be a bit of a "moot' point at this time, as new proofs of services will have to be submitted once this Court has opportunity to rule on motion to approve him as Relator, when re-service of updated Summonses will be made. Plaintiff/Demandant will be glad to provide them, though, if this Court would prefer.

the Court to approve him as Relator so he may proceed to issue forth the Writ of
Quo Warranto- at which time, again, he would have to re-serve another new set of
summonses with updated dates.[4]  Plaintiff/Demandant therefore asserts that Clerk
error has hidden from the Court that there is no timeclock, and that
Plaintiff/Demandant has not missed a 90 day deadline, but that there are instead
many filings and motions missing from the docket in this matter that the Clerk of
Court needs to be ordered to immediately docket for viewing and ruling upon by this
Court. As such, motion is therefore now made for this Court to order the Clerk to
immediately enter upon the Docket all motions filed and all other filings made by
Plaintiff/Demandant in this matter which have not been docketed, which
Plaintiff/Demandant has listed in Attachment I, so this Court may rule on them,
and motion is made for this Court to order the Clerk to correct the above mentioned
errant #2 entry.

  Though there may be some confusion with the Clerk as to the long-unused
right of We the People to alter and serve a summons along with a complaint of Writ
of Quo Warranto, wherein a member of we the people utilizes our Constitutional
right to redress a grievance, there should be no confusion on the part of the Clerk as
to the Clerk's duty to docket *all* filings and motions in this or any matter. Plaintiff/
Demandant (Relator Applicant) accordingly asks this Court to Sanction the Clerk(s)
as this Court sees fit, for their failures to docket many filings in this matter, as

---

[4] Plaintiff/Demandant is today submitting another set of Summonses and Subpoenas for the Clerk of Court to have at ready to fill in date of hearing, stamp and sign and notify Plaintiff to come pick up when this Court approves Plaintiff as Relator

these failures to do their job of docketing filings in this matter have been repetitive and have resulted in not only hampering justice in this matter, but also resulted in the added expense of much extra time and effort in a mistaken minute order hearing and order issued, the inability of the Court to rule on motions not docketed, and the resultant monetary expenses for both the Court and the Plaintiff/Demandant/ Relator Applicant by mistakes resulting from these failures of Clerk to docket. As mentioned in the previous undocketed Motions, Plaintiff/Demandant has met all requirements to be approved as Relator in this matter according to DC Codes and this Court would have no reason not to name Plaintiff/Demandant as Relator other than the Clerk's repeated failures to docket both the motions regarding that issue.  Motion is also therefore now made for the Court to order Clerk to immediately sign and stamp the re-submitted summonses and to sign the re-submitted subpoenas and immediately contact Relator Applicant to pick them up once this Court has opportunity to see the previously un-docketed motions and approve Plaintiff/Demandant as Relator, so that Respondents may be re-served Summonses.

Motion for all these things above is accordingly now made of this Court.

Larry Eugene Clark, pro se

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing
was served via USPS mail, return signature required upon all Respondents named in Writ of Quo
Warranto:

MERRICK GARLAND
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001;

JOHN GLOVER ROBERTS, JR.,
SUPREME COURT OF THE UNITED STATES
1 FIRST STREET, NE
WASHINGTON, DC 20543

JOSEPH ROBINETTE BIDEN, JR
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

KAMALA DEVI HARRIS
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

NANCY PATRICIA PELOSI
U.S. HOUSE OF REPRESENTATIVES
WASHINGTON, DC 20515

MICHAEL RICHARD PENCE, former VP
& President of Senate, formerly at
Vice President's Office
1600 Pennsylvania Avenue
Washington, DC 20500, forward to
Office of the Former VP
Arlington, VA

and additionally, notification was sent to Acting AG for District of Columbia, Channing D. Phillips, 501 3rd Street, NW, Washington, DC 20001.

on the 25th day of March, 2022

_Larry E Clark_

_____
Larry Eugene Clark

Larry Eugene Clark, pro se

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**LARRY EUGENE CLARK, pro se**

   **VS.**

**MERRICK GARLAND**
**950 PENNSYLVANIA AVENUE, NW**
**WASHINGTON, DC 20530-0001;**

**JOHN GLOVER ROBERTS, JR.,**
**SUPREME COURT OF THE UNITED STATES**
**1 FIRST STREET, NE**
**WASHINGTON, DC 20543;**

**JOSEPH ROBINETTE BIDEN, JR**
**1600 PENNSYLVANIA AVENUE NW**
**WASHINGTON, DC 20500**

**KAMALA DEVI HARRIS**
**1600 PENNSYLVANIA AVENUE NW**
**WASHINGTON, DC 20500**

**NANCY PATRICIA PELOSI**
**U.S. HOUSE OF REPRESENTATIVES**
**WASHINGTON, DC 20515**

**MICHAEL RICHARD PENCE, former VP**
**& President of Senate, formerly at**
**Vice President's Office**
**1600 Pennsylvania Avenue**
**Washington, DC 20500, forward to**
**Office of the Former VP**
**Arlington, VA**

**Redacted copy for docketing**

**CIVIL ACTION NO. 1:21-cv-02968**
**Honorable Judge Carl J. Nichols**



RECEIVED
Mail Room

MAR 2 8 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE BY APRIL 2, 2022**
**GIVEN IN MINUTE ORDER OF 03/02/2022, MOTION TO ORDER CLERK**
**TO CORRECT CLERK ERROR ON THE DOCKET AND TO RECORD ON**
**THE DOCKET ALL FILINGS SUBMITTED BY PLAINTIFF/**
**DEMANDANT/RELATOR APPLICANT IN THIS MATTER AND MOTION TO**
**SANCTION CLERKS AS THIS COURT DEEMS FIT**

Comes now Plaintiff/Demandant, who is also an applicant for Relator in this matter, though this has been hampered by Clerk error as explained below, with answer to this Court's Minute Order of 03/02/2022.

This Court states in its first sentence of the minute order that no summons(es) in this case has (have) issued, but three sets of summonses have been served upon all Defendants/Respondents in this matter, copies of which have all been filed with the Clerk of this Court, along with a signed Certificate of Service of Complaint and Summons the first time, and signed Certificate of Service of modified Summonses the second and third times, all of which were verified with Plaintiff/Demandant's signature and on which were listed all Respondents upon which these were served, along with their addresses, as well as listed the AGs served and their addresses, each time, but the Clerk failed to either docket these submissions by Plaintiff/Demandant, or to stamp and sign them and notify Plaintiff to pick them up if they preferred a stamped copy with Clerk signature be served. Clerk did write an entry that "no summonses have been issued in this matter," but Plaintiff construed this was because Plaintiff had already performed his right of having them modified and served with a Complaint, and that entry was the Clerk noting *the Clerk of Court* had not issued the summons [because the Plaintiff had issued them.] Clerk also "lost" the check submitted the same day as original filing to pay for filing fees in this matter, resulting in a month delay in docketing and much time, money and effort in re-serving updated summonses (which were again filed with the Clerk but not either docketed as served or stamped and signed then

Plaintiff/Demandant notified they were ready for pickup to serve (re-serve) if that is what they preferred. Clerk errantly recorded a motion to redact personally identifiable information and to seal unredacted copies of filings as a "motion to seal the case" as shown here:

| 11/18/2021 | 2 | MOTION to Seal Case by LARRY EUGENE CLARK. (zeg) (Entered: 11/19/2021) |
|---|---|---|

The Clerk of Court has failed to docket several other filings in this matter, two of them being motions of which are pertinent to explaining the error of this minute order, as the first was a motion to hold the Writ of Quo Warranto at abeyance in this matter,[1] and which also moved this Court to name Plaintiff/Demandant as Relator in this matter so that he could then issue forth the Writ.  The timeclock therefore was paused, but this Court's ability to see this, and to rule on that motion as well as another one Plaintiff/Demandant submitted after it has been hampered by the Clerk's repeated failures to perform job and docket all filings.

Because of the above repetitive Clerk losses of filed items and failures to docket filed items and the resultant hampering of justice it has caused in this matter by not allowing this Court to rule on the motion(s) which have not been docketed, Plaintiff/Demandant submits that Clerk errors have caused this errant minute order to be entered, as Plaintiff/Demandant could not have missed a 90 day deadline for submission of proof of process because he had filed a motion to hold the

---

[1] Plaintiff/Demandant is attaching a list of all submissions to this Court, with date submitted and what was submitted on each date (see Attachment I)

Writ of Quo Warranto in abeyance[2] and was waiting for a ruling from this Court to

be approved as Relator in this matter in order to [start the clock again by sending

new, updated summonses] and issue forth the Writ of Quo Warranto. Clerk never

docketed this filed motion, nor many other submissions, including one more motion

filed after it when no ruling had been given in the prior motion, in which the Court

was not only moved a second time to name Plaintiff/Demandant as relator [so he

could issue forth the Writ], but was also moved to order the Clerk to do something

they hadn't done three times before- to set a date for the hearing if any Respondent

had contacted the Court for a date of hearing, as Respondents all had been served

Summonses three times in this matter.

Plaintiff sought legal advice about the above, and it was mentioned that

perhaps the above was because the  Codes for Writ of Quo Warranto might first

require a motion to the Court to be approved as Relator, so accordingly, the above

mentioned motion(s) to hold the Writ of Quo Warranto in abeyance (which stopped

any time-clock) and for this Court to approve Plaintiff/Demandant as Relator were

made, but Clerk failed to docket these filings as well as many other filings in this

matter.

Because Plaintiff/Demandant has filed motion on 11/18/2021 that this Writ

be held in abeyance while the Court makes a ruling, Plaintiff/Demandant asserts,

as above, the timeclock is paused,  and he has therefore not failed to timely file any

further proof of service the Court may require.  Plaintiff/Demandant has asked this

---

[2] See Attachment I for submissions on the date of 11/18/2021

Court to hold the Writ of Quo Warranto in abeyance and for the Court to grant Plaintiff/Demandant status as Relator in this Writ of Quo Warranto, but Clerk's repeated failures to docket this and many other items have impaired this Court's ability to administer justice and have resulted in this errant minute order.

Plaintiff therefore humbly submits that these Clerk errors mentioned above are the reason this matter should not be dismissed. Though the Clerk failed to docket it, because Plaintiff/Demandant made motion for the timeclock to stop, there is no 90 day timeclock, and additionally, there has been no failure to serve a complaint accompanied by a summons in this matter. Defendant/Respondents have been served three times by Plaintiff/Demandant because of Clerk error, and Clerks have failed to docket the submissions of those as well as failed to docket the more recently submitted redline summaries of changes to the 2nd and 3rd filings of the summonses and failed to docket submitted copies of the signed proof of service cards[3] which were filed regarding past service even though the timeclock is paused and there will be re-service of updated Summonses required once approval as Relator is made.  Plaintiff, in effort to fully comply with the DC Codes of Quo Warranto, made a motion to hold the Writ of Quo Warranto in abeyance as mentioned above and motioned to be approved as Relator, and he therefore "stopped the timeclock," and Plaintiff/Demandant has since then been waiting for order of

---

[3] Once docketed, the Court will see that Plaintiff/Demandant mentioned in that filing he was not with his records and still had a few more signed proof-of-service cards to submit- but in thinking this through, it may be a bit of a "moot' point at this time, as new proofs of services will have to be submitted once this Court has opportunity to rule on motion to approve him as Relator, when re-service of updated Summonses will be made. Plaintiff/Demandant will be glad to provide them, though, if this Court would prefer.

the Court to approve him as Relator so he may proceed to issue forth the Writ of Quo Warranto- at which time, again, he would have to re-serve another new set of summonses with updated dates.[4]   Plaintiff/Demandant therefore asserts that Clerk error has hidden from the Court that there is no timeclock, and that Plaintiff/Demandant has not missed a 90 day deadline, but that there are instead many filings and motions missing from the docket in this matter that the Clerk of Court needs to be ordered to immediately docket for viewing and ruling upon by this Court. As such, motion is therefore now made for this Court to order the Clerk to immediately enter upon the Docket all motions filed and all other filings made by Plaintiff/Demandant in this matter which have not been docketed, which Plaintiff/Demandant has listed in Attachment I, so this Court may rule on them, and motion is made for this Court to order the Clerk to correct the above mentioned errant #2 entry.

Though there may be some confusion with the Clerk as to the long-unused right of We the People to alter and serve a summons along with a complaint of Writ of Quo Warranto, wherein a member of we the people utilizes our Constitutional right to redress a grievance, there should be no confusion on the part of the Clerk as to the Clerk's duty to docket *all* filings and motions in this or any matter. Plaintiff/ Demandant (Relator Applicant) accordingly asks this Court to Sanction the Clerk(s) as this Court sees fit, for their failures to docket many filings in this matter, as

---

[4] Plaintiff/Demandant is today submitting another set of Summonses and Subpoenas for the Clerk of Court to have at ready to fill in date of hearing, stamp and sign and notify Plaintiff to come pick up when this Court approves Plaintiff as Relator

these failures to do their job of docketing filings in this matter have been repetitive and have resulted in not only hampering justice in this matter, but also resulted in the added expense of much extra time and effort in a mistaken minute order hearing and order issued, the inability of the Court to rule on motions not docketed, and the resultant monetary expenses for both the Court and the Plaintiff/Demandant/ Relator Applicant by mistakes resulting from these failures of Clerk to docket. As mentioned in the previous undocketed Motions, Plaintiff/Demandant has met all requirements to be approved as Relator in this matter according to DC Codes and this Court would have no reason not to name Plaintiff/Demandant as Relator other than the Clerk's repeated failures to docket both the motions regarding that issue.  Motion is also therefore now made for the Court to order Clerk to immediately sign and stamp the re-submitted summonses and to sign the re-submitted subpoenas and immediately contact Relator Applicant to pick them up once this Court has opportunity to see the previously un-docketed motions and approve Plaintiff/Demandant as Relator, so that Respondents may be re-served Summonses.

Motion for all these things above is accordingly now made of this Court.

Larry Eugene Clark, pro se

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing
was served via USPS mail, return signature required upon all Respondents named in Writ of Quo
Warranto:

MERRICK GARLAND
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001;

JOHN GLOVER ROBERTS, JR.,
SUPREME COURT OF THE UNITED STATES
1 FIRST STREET, NE
WASHINGTON, DC 20543

JOSEPH ROBINETTE BIDEN, JR
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

KAMALA DEVI HARRIS
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

NANCY PATRICIA PELOSI
U.S. HOUSE OF REPRESENTATIVES
WASHINGTON, DC 20515

MICHAEL RICHARD PENCE, former VP
& President of Senate, formerly at
Vice President's Office
1600 Pennsylvania Avenue
Washington, DC 20500, forward to
Office of the Former VP
Arlington, VA

and additionally, notification was sent to Acting AG for District of Columbia, Channing D. Phillips, 501 3rd Street,
NW, Washington, DC 20001.

on the 25th day of March, 2022

_____
Larry Eugene Clark

Larry Eugene Clark, pro se